UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADNAN OSMAN ABDALLA IBRAHIM,

Petitioner,

v.

MARKWAY MULLIN, *et al.*,

Respondents.

Case No. C26-2049-MLP

ORDER

Petitioner Adnan Osman Abdalla Ibrahim, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, has become indefinite. He seeks immediate release and injunctive relief related to potential redetention. (Dkt. # 1.) Respondents filed a response (dkt. # 5), supported by an unsworn declaration from their counsel, Barbara Andrade (dkt. # 6), and a sworn declaration from U.S. Department of Homeland Security ("DHS") Deportation Officer Robert Andron Jr. (dkt. # 7). Petitioner filed a reply. (Dkt. # 8.) Having considered the parties' submissions, the record, and the governing law, the Court GRANTS in part the petition.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 1

## I.    BACKGROUND

Petitioner is a native and citizen of Sudan who entered the United States without inspection or parole on July 7, 2024. (Andron Decl., ¶ 4.) On July 8, 2024, DHS found him inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i) and issued a Notice and Order of Expedited Removal. (*Id.*, ¶ 5.) Petitioner requested asylum on July 14, 2024. (*Id.*, ¶ 8.) On August 1, 2024, U.S. Citizenship and Immigration Services ("USCIS") issued a negative fear determination, which an Immigration Judge ("IJ") affirmed on August 9, 2024. (*Id.*, ¶¶ 11-13.) Petitioner is therefore subject to a final order of removal.

Because there was no significant likelihood of removal in the foreseeable future to Sudan, however, Petitioner was released on parole on August 22, 2024, and ICE issued an Order of Supervision ("OSUP") on August 30, 2024. (Andron Decl., ¶¶ 14-15.) Fifteen months later, on November 25, 2025, ICE revoked the OSUP after determining that Petitioner could be expeditiously removed, and on December 4, 2025, he was transferred to the NWIPC. (*Id.*, ¶¶ 16-17.) On January 21, 2026, ICE submitted a travel document request to the Sudanese Embassy and is currently awaiting a response, asserting that there is a significant likelihood of Petitioner's removal once the travel document is approved. (*Id.*, ¶¶ 20-22.)

## II.    DISCUSSION

In *Zadvydas v. Davis*, the Supreme Court construed 8 U.S.C. § 1231(a)(6) to authorize post-removal-period detention only for the period reasonably necessary to effect removal. 533 U.S. at 689, 699 (2001). The Court adopted a presumption that detention up to six months after a removal order becomes final is reasonable when it is related to effectuating removal. *Id.* at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must

ORDER - 2

respond with evidence sufficient to rebut that showing." *Id.* If removal is not reasonably foreseeable, "continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner is a noncitizen entitled to the protections of the Due Process Clause. *See Zadvydas*, 533 U.S. at 693. More than seven months have now passed since Petitioner's November 25, 2025 detention. His continued detention is therefore beyond the six-month period *Zadvydas* identifies as "presumptively reasonable." 533 U.S. at 701. Petitioner has produced evidence that more than six months have elapsed since Respondents indicated that removal was imminent, yet he remains detained. (Dkt. # 1 at 7-9.) This record "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The burden therefore shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Respondents, however, do not meaningfully address whether there is a significant likelihood of removal in the reasonably foreseeable future. (*See* dkt. # 5 at 5-6.) They assert only that ICE has made continuous and ongoing efforts to obtain a travel document for Sudan and that ICE expects to effectuate Petitioner's removal swiftly once his travel documents are issued. (*Id.* at 6.) "Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025). Here, Respondents have not obtained travel documents for Petitioner, do not know when such documents might issue, and do not know if they will issue at all. Under *Zadvydas*, that is insufficient to justify continued detention. Accordingly, the Court grants the petition for writ of habeas corpus.[2] (Dkt. # 1.)

---

[2] Because the Court grants relief under *Zadvydas*, it does not reach Petitioner's additional causes of action. (*See* dkt. # 1 at 9-12.)

ORDER - 3

Petitioner also asks the Court to enjoin Respondents from redetaining him for invalid reasons during the pendency of any removal efforts, absent written notice and a constitutionally adequate hearing before a neutral decisionmaker. (Dkt. ## 1 at 12-13; 8 at 13.) Nowhere in Petitioner's petition does he meaningfully allege that he is likely to be redetained for invalid reasons. Petitioner's speculation constitutes no more than a "mere possibility" that does not entitle him to relief at this time. *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003); *see also Kuot v. Bondi*, 2025 WL 3763930, at *4 (W.D. Wash. Dec. 30, 2025) ("[T]he Court declines to grant Petitioner's request which would require a pre-redetention determination, no matter the circumstances, before he could be taken into custody."). For this reason, Petitioner's request for injunctive relief preventing redetention is denied without prejudice.

### III.    CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus (dkt. # 1) is GRANTED in part. Within **twenty-four (24) hours** of this Order, Respondents shall release Petitioner from custody subject to reasonable conditions of supervision; and within **two (2) business days** of this Order, Respondents shall file a notice with the Court confirming his release.

Dated this 7th day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4